**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| **CHRISTOPHER BUTLER** | **CIVIL ACTION NO. ______________** |
| **VERSUS** | |
| **IBERIA PARISH SHERIFF OFFICE, SHERIFF LOUIS M. ACKAL, OFFICER DAVID PREJEAN, OFFICER CODY LAPEROUSE, OFFICER GRANT AUGUST, UNKNOWN OFFICER** | **JUDGE ______________________** **MAGISTRATE __________________** |

---

# COMPLAINT

The complaint of **CHRISTOPHER BUTLER** "hereinafter sometimes referred to as Petitioner/Plaintiff", a person of full age and majority and domiciled in the parish of Iberia, State of Louisiana, with respect represents:

1.

This action arises under Title 42, USC Sections 1983 and 1988. This court has jurisdiction over the action under Title 28, USC Sections 1343. Venue is proper in this Judicial District pursuant to Title 28 USC Section 1391.

2.

Made Defendants herein are:

A. **IBERIA PARISH SHERIFF'S OFFICE,** a political subdivision, Municipal Corporation and/or political entity with the capacity to sue and be sued. IBERIA PARISH SHERIFF'S OFFICE was the employer of Sheriff, Defendant LOUIS M. ACKAL, and OFFICERS. "Hereinafter referred to as IBERIA";

B. **SHERIFF LOUIS M. ACKAL, INDIVIDUALLY AND IN HIS CAPACITY AS SHERIFF OF IBERIA PARISH,** a person of the full age of majority who was at all times material hereto Sheriff of IBERIA PARISH, State of Louisiana, and was the employer and/ or commanding officer of Defendants, OFFICERS and was responsible for the hiring, retention, training, and their supervision, and for the implementation of the IBERIA PARISH Sheriff's OFFICE's customs, policies and procedures; Sheriff Ackal is sued in both his individual and official capacities. "Hereinafter referred to as "ACKAL";

C. **CODY LAPEROUSE,** "hereinafter referred to as OFFICER", person of full age of majority who was at all times material hereto employed as a law enforcement officer by IBERIA, and acting in the course and scope of his employment. Officer is sued individually and in his official capacity as a police officer in the employment IBERIA.

**D. GRANT AUGUST** "hereinafter referred to as OFFICER", person of full age of majority who was at all times material hereto employed as a law enforcement officer by IBERIA, and acting in the course and scope of his employment. Officer is sued individually and in his official capacity as a police officer in the employment of IBERIA.

**E. DAVID PREJEAN** "hereinafter referred to as OFFICER", person of full age of majority who was at all times material hereto employed as a law enforcement officer by IBERIA, and acting in the course and scope of his employment. Officer is sued individually and in his official capacity as a police officer in the employment of IBERIA.

F. **UNKNOWN OFFICER** "hereinafter referred to as OFFICER", person of full age of majority who was at all times material hereto employed as a law enforcement officer by IBERIA, and acting in the course and scope of his employment. Officer is sued individually and in his official capacity as a police officer in the employment of IBERIA.

3.

At all times applicable hereto, **ACKAL** and Defendant, **OFFICERS**, were duly appointed and employed in their official capacity with **IBERIA** and all actions taken by them were in the course and scope of their employment with **IBERIA**.

4.

On September 29, 2013, David Hardin, brother in law of Petitioner **CHRISTOPHER BUTLER,** was in the custody of **OFFICER DAVID PREJEAN** during the conclusion of the Sugarcane Festival.

5.

As a result of David Hardin being in custody of **OFFICER DAVID PREJEAN**, **CHRISTOPHER BUTLER,** out of concern and well being for his brother in law, merely asked the arresting Officers in reference to his brother in law, David Hardin, "What did he do?"

6.

**OFFICER GRANT AUGUST** decided to deny and depreciate **CHRISTOPHER BUTLER'S** concern for the well being of his family member, David Hardin, as **OFFICER GRANT AUGUST** informed another Officer to, "Take his ass too", in reference to **CHRISTOPHER BUTLER.**

7.

In the process of "taking" **CHRISTOPHER BUTLER** the **OFFICER** violated his First, Fourth and Fourteenth Amendment Rights and without probable cause, illegally and unlawfully seized and detained petitioner.

8.

**OFFICER** further violated **CHRISTOPHER BUTLER'S** rights by using excessive force when **OFFICER** violently and aggressively handcuffed **CHRISTOPHER BUTLER** and subsequently needlessly threw him to the ground.

9.

While **CHRISTOPHER BUTLER** was sitting on the ground defenseless and effectively immobilized in handcuffs that were behind his back, **CHRISTOPHER BUTLER** noticed Ladaedrea Moore getting slammed to the ground by another **OFFICER**.

10.

Immediately thereafter, in an obvious attempt to not be outdone by the **OFFICER** who slammed Ladaedra Moore to the ground, another **OFFICER**, in violation of **CHRISTOPHER BUTLER'S** First Amendment rights, told **CHRISTOPHER BUTLER** to, "Shut the fuck up." After addressing **CHRISTOPHER BUTLER** in an unnecessarily obscene manner and violating his First Amendment right, the **OFFICER** used clear excessive force by striking **CHRISTOPHER BUTLER** with his baton several times.

11.

The **OFFICER** then decided further violate the rights of petitioner by continuing to use unnecessary and excessive force by striking **CHRISTOPHER BUTLER** while **BUTLER** was lying on his stomach several times.

12.

At all times while the **OFFICER** was using excessive force by striking **CHRISTOPHER BUTLER** violently and unnecessarily, **CHRISTOPHER BUTLER** was defenseless as he was in handcuffs that were behind his back and he was on the ground effectively immobilized.

13.

**CHRISTOPHER BUTLER** was not involved in any criminal activity on the night in question, did not pose a danger to himself or other members of the public when he was brutally attacked by **OFFICER(S)**, and was merely attempting to ascertain information regarding his brother in law's well being.

14.

As a result of the violent attack, **CHRISTOPHER BUTLER** suffered and continues to suffer from physical and severe emotional injuries.

-15-

Plaintiff, **CHRISTOPHER BUTLER,** is still in a state of confusion and disbelief as to why he has become the victim of Police brutality brought upon by officers of the IBERIA PARISH SHERIFF'S OFFICE.

16.

Thereafter, Defendants, in violation of the First, Fourth, and Fourteenth Amendment to the Constitution of the United States, without probable cause illegally and unlawfully, arrested, imprisoned and detained petitioner. In addition to the approximately six (6) unidentified officers at the scene and the named officers, **SHERIFF LOUIS ACKAL AND IBERIA PARISH SHERIFF'S OFFICE**, all encouraged, authorized, and/or acquiesced in their unconstitutional conduct.

## CAUSE OF ACTION – CIVIL RIGHTS VIOLATIONS

17.

The acts of Defendants on September 29, 2013, are a part of the practices, policies, customs and usages of the City of Iberia, namely **IBERIA**, its management and administrative officials were aware of several prior instances of police officers in its employ illegally and unlawfully violating the constitutional rights of its citizens, yet did nothing, to investigate these incidences to determine the causes of these violations and take the necessary steps to preclude their recurrence.

18.

As a direct consequence of these actions by Defendants, Petitioner was deprived of his liberty for a substantial period of time, suffered and continues to suffer physical and mental pain and anguish, acute mental distress, embarrassment, humiliation, permanent scarring and continues to suffer economic losses as a result of the incident which was in public view and which received notoriety.

19.

Additionally, Petitioner was injured as a result of the defamation by Defendants through their false accusations which were made with malice and were published in public records in various newspapers and which resulted in injury to Petitioner. Petitioner has incurred considerable costs, expenses, and attorney fees, pursuant to successfully defend prosecution of the false criminal charges against him and of which he seeks acquittal.

20.

The Constitutional rights of **CHRISTOPHER BUTLER,** that were deprived, were clearly established and well known to a reasonable person. The unreasonably excessive actions of the officers were objectively unreasonable in light of the minimal severity of the crime(s) alleged and the lack of physical resistance by the Petitioner against any of the officers at the scene. The above violations and torts were committed as a result of the policies, customs, and procedures of **IBERIA and ACKAL,** and upon information and belief it was the policy, custom, and practice of the Defendants, **IBERIA, and ACKAL**, to inadequately and improperly train and supervise their employees regarding:

A. Proper police procedure;

B. Proper force continuum;

C. Constitutional protections and safeguards of individuals;

D. Proper procedures for when to use excessive force under the above – described circumstances;

E. Proper training techniques for the moving of an individual from one place to another by an officer; and

F. Proper training techniques of controlled force usages and implementation.

21.

Further, upon information and belief, the inadequate training and supervision was known by Defendants, **IBERIA, ACKAL, and OFFICER(s),** previous to the actions taken by the Defendants against the Petitioner.

22.

The Defendants subjected the plaintiff to these deprivations of his rights, either intentionally or maliciously, or by acting within a reckless disregard for whether **CHRISTOPHER BUTLER's** rights would be violated by their actions. Further, the individual Defendants had no reasonable basis for believing their conduct was lawful and as such are not entitled to qualified immunity.

23.

Upon information and belief, after the unlawful arrest and excessive force was used against the Plaintiff, Defendants collectively entered into a conspiracy to deprive **CHRISTOPHER BULTER** of his constitutional rights by claiming **CHRISTOPHER BUTLER** had resisted arrest and was using profanities which led to his alleged arrest, all while they knew the allegations that **CHRISTOPHER BUTLER** had committed any alleged crimes which commanded such violence by them, was in fact false.

24.

Upon information and belief, there was no threats of violence by Petitioner, no alleged weapons at the scene utilized by Petitioner, and no officer safety threats presented by Petitioner especially once he was clearly on the ground and in handcuffs, to support any use of excessive force or use of physical restraints or violence while at the scene by any of the officers.

25.

The above described conduct constitutes one or more violations of 42 USC 1983, *et seq.*

## CAUSE OF ACTION- STATE LAW CLAIMS

26.

The excessive force and injury of **CHRISTOPHER BUTLER** by members of the **IBERIA PARISH SHERIFF'S OFFICE** and **SHERIFF LOUIS ACKAL** was committed through gross acts and wanton negligence of **OFFICER DAVID PREJEAN, OFFICER GRANT AUGUST, OFFICER CODY LAPEROUSE, AND UNKNOWN OFFICER** as follows:

A. Unreasonably threatening **CHRISTOPHER BUTLER** to completely leave the area while his brother in law was being detained or he would unlawfully be arrested;

B. Unreasonably continuously yelling profanities and threats to arrest **CHRISTOPHER BUTLER,** despite him moving further away and complying with the officers orders;

C. Unlawfully detaining, seizing, and arresting **CHRISTOPHER BUTLER** without probable cause and despite his compliance;

D. Falsely imprisoning **CHRISTOPHER BUTLER;**

E. Using excessive force despite the fact that **CHRISTOPHER BUTLER** was not threatening the safety of anyone at the scene;

F. Failing to control the situation without using excessive force;

G. Employing improper police procedures when unnecessarily violently and aggressively shoving Petitioner to the ground while his arms were in a restraint position behind his back;

H. Employing improper police procedures when unnecessarily violently and aggressively striking Petitioner several times with a baton, all while Petitioner laid defenseless with his stomach touching the ground;

I. Employing improper police procedures in their decision to use excessive force; and

J. Failing to do what they should have done and see what they should have seen to avoid the injuries to **CHRISTOPHER BUTLER.**

27.

As the employer of the police officers, **IBERIA** and **ACKAL** are responsible under the legal doctrine of *Respondeat superior* for all the damages and injures occasioned herein by the negligence of the officers who at all times material hereto operating within the course and scope of their employment with **IBERIA.**

28.

**IBERIA** is liable independently for its negligence in failing to properly train and supervise its officers.

29.

The supplemental jurisdiction of this court is hereby invoked pursuant to Section 1367 of Title 28 USC to assert the following causes of action. Petition incorporates all of the allegations of the previous articles as copied herein extensor. The allegations herein including false arrest, false imprisonment, assault, battery, failure to provide medical attention, negligent and intentional infliction of emotional distress, cruel treatment, malicious prosecution and defamation constitutes violations of Petitioner's rights actionable under the laws of the State of Louisiana and were the proximate and legal causes of the injuries done to Petitioner, entitling him to damages as are just in the premises.

**DAMAGES AND HARM – ALL COUNTS AND CAUSES OF ACTION**

30.

The above conduct of the Defendants was the cause (direct and proximate) of the harm and permanent injury to **CHRISTOPHER BUTLER** and the resulting damages as described subsequently.

31.

As a result of the above described incident, **CHRISTOPHER BUTLER** suffered immense pain in his wrists, shoulder, and back area.

32.

As a result of the above described incident, **CHRISTOPHER BUTLER**, has suffered and will continue to suffer great physical and mental pain and suffering, has suffered a past and future loss of earnings and earning capacity, has incurred and will continue to incur medical bills and has suffered a loss of enjoyment of life.

33.

Petitioner, **CHRISTOPHER BUTLER,** respectfully represents that he is entitled to the following amounts from Defendants who are liable (*insolido* or otherwise) as a result of the acts and misconducts alleged previously for:

A. Compensatory damages against Defendants, and each of them, insolido, in the amount to be determined at the trial

B. Treble, exemplary and/or punitive damage against Defendants, in an amount to be determined at the trial;

C. The cost of this action, including attorney fees; and

D. Such other and further relief as this Court may deem appropriate.

34.

Petitioner, **CHRISTOHER BUTLER,** requests a trial by jury on all matters so triable.

**WHEREFORE**, Petitioner, **CHRISTOPHER BUTLER,** prays that the defendants be served, in accordance with the law, with a certified copy of this petition and duly cited to answer same and that after legal delays and due proceedings are had, that there be judgment in favor of **CHRISTOPHER BUTLER**, against the Defendants, **IBERIA PARISH SHERIFF'S OFFICE, SHERIFF LOUIS ACKAL, OFFICER DAVID PREJEAN, OFFICER GRANT AUGUST, OFFICER CODY LAPEROUSE,** and **UNKNOWN OFFICER**, jointly, several, and insolido for all sums that are due as allowed by law, including all court costs and expert fees, including legal interest thereon, until paid and for such other and further legal and equitable relief as the Court may deem necessary, proper, and reasonable.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

**Respectfully submitted:**

**By: ______________________**
**HAROLD D. REGISTER, JR., #16764**
**216 Rue Louis XIV**
**Lafayette, LA 70598-0214**
**Telephone: (337) 981-6644**
**Facsimile: (337) 981-6692**

**PLEASE SERVE:**

**IBERIA PARISH SHERIFF'S OFFICE and SHERIFF LOUIS ACKAL**
**Through Its Agent for Service of Process**
**Louis Ackal**
300 Iberia Street, Suite 120
New Iberia, Louisiana 70560

**GRANT AUGUST, DAVID PREJEAN, and CODY LAPEROUSE**
300 Iberia Street, Suite 120
New Iberia, Louisiana 70560

**OFFICE OF RISK MANAGEMENT**
Claiborne Building, Suite G-192
1201 North Third Street
Baton Rouge, LA 70802

**OFFICE OF THE ATTORNEY GENERAL**
James D. "Buddy" Caldwell
1885 North Third Street
Baton Rouge, LA 70804

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

**CHRISTOPHER BUTLER** — **CIVIL ACTION NO.** ______________

**VERSUS**

**IBERIA PARISH SHERIFF OFFICE, SHERIFF LOUIS M. ACKAL, OFFICER DAVID PREJEAN, OFFICER CODY LAPEROUSE, OFFICER GRANT AUGUST, UNKNOWN OFFICER** — **JUDGE** ______________ **MAGISTRATE** ______________

---

## AFFIDAVIT OF VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF LAFAYETTE**

**BEFORE ME**, the undersigned Notary Pubic, duly commissioned and qualified within and for the State and Parish aforesaid, personally appeared **CHRISTOPHER BUTLER** who, after being by me duly sworn, said that he has read the pleadings in the above-captioned petition, and all of the allegations of fact contained therein are true and correct, to the best of his knowledge, information, and belief.

**CHRISTOPHER BUTLER**

**SWORN TO AND SUBSCRIBED**, before me, this 10th day of February, 2014.

**HAROLD D. REGISTER, JR., #16764**
**216 Rue Louis XIV**
**Lafaytte, LA 70508**
**(337) 981-6644**